# JOHN HOWLEY, ESQ.
350 FIFTH AVENUE, 59TH FLOOR
NEW YORK, NEW YORK 10118
(212) 601-2728
FAX: (347) 603-1328

WWW.JOHNHOWLEYESQ.COM

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/14/2014
```

October 10, 2014

<u>Via ECF</u>

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Macolor v. Libiran, et al.*, 14 Civ. 4555 (JMF) (SDNY)

Dear Judge Furman:

On September 24, 2014, the Court ordered the defendants to respond to plaintiff's settlement demand by October 3, and ordered all parties to advise the Court by today whether the case should be referred to a Magistrate Judge and/or the Court mediation program for settlement purposes.

I am writing on behalf of plaintiff to advise the Court that a referral for settlement would not be productive because defendants failed to comply with the Court's order. I apologize that this is not in the form of a joint letter, but defendants' counsel has refused to cooperate in drafting one.

Defendants' failure to comply with the Court's September 24 order is part of a disturbing pattern of noncompliance bordering on contempt.

Defendants did not answer the complaint until a default judgment motion was filed and their opposition papers were due.

The initial pretrial conference had to be rescheduled because defendants' counsel, Carlos Garcia, arrived more than an hour late, after his office assured the courtroom deputy that he would arrive momentarily.

Mr. Garcia has refused to comply with the Court's direction that he compensate me for the time wasted at the original pretrial conference. Although Mr. Garcia told the Court that he would talk to me about payment for the wasted time, he has not done so and has, in fact, refused to make any payment.

Mr. Garcia and his clients failed to serve their Rule 26 initial disclosures by the deadline in the Court's Case Management Plan and Scheduling Order. They did not

serve their initial disclosures until after I reminded them of their obligation, and even then their initial disclosures were incomplete.

On September 24, 2014, the Court ordered that "Defendants shall make an offer to Plaintiff by Oct. 3, 2014." Defendants did not comply with that order.

On October 8, 2014, I reminded Mr. Garcia that we had to submit a joint letter to the Court by today, October 10. I also sent him a draft letter in Word format via email. He did not respond.

This morning, I reminded Mr. Garcia once again that we had to submit a joint letter to the Court today. Mr. Garcia responded by sending me a fax proposing to settle the action without the payment of any money.

Immediately after receiving the fax, I sent Mr. Garcia a revised joint letter and called him to discuss both his offer and the new draft.

Mr. Garcia refused to speak with me. His assistant told me that I had to speak with another lawyer in Mr. Garcia's office, but that lawyer was not available. When I asked if Mr. Garcia was in the office, the assistant said, "Wait, I'm confused." He then spoke with someone in his office and told me that I had to speak with the other lawyer who was not available. I asked again if Mr. Garcia was in the office. The assistant said, "I was told to tell you to speak to Mr. Garupa and he is not available."

Mr. Garcia then faxed me a signed copy of the first draft of the joint letter that did not contain my revisions. I sent him an email pointing out that he had signed the wrong letter and asking him to sign and send me the correct version before 5:00 p.m. Mr. Garcia did not respond.

Given the defendants' failure to comply with any of their obligations or deadlines, and their refusal to cooperate in the drafting of a joint letter, plaintiff reasonably fears that they would use a settlement conference to waste more time and cause delays. Plaintiff, therefore, cannot agree to a referral to a Magistrate Judge or mediator for settlement.

Respectfully submitted,

John J.P. Howley [JH9764]

cc: Carlos G. Garcia, Esq. (via ECF)

Defense counsel is ORDERED to show cause is writing, no later than October 17, 2014, why he should not be sanctioned for his failures to comply with the Court's Orders and required to reimburse Plaintiff's counsel for his time in appearing for the aborted conference and in preparing this letter. Plaintiff is granted leave to respond to any submission by defense counsel no later than October 21, 2014. SO ORDERED.

October 14, 2014

2