UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
DUSTIN MACOLOR,                                                         :
:
                  Plaintiff,       :       14-CV-4555(JMF)
:
    -v-                                                               :       ORDER
:
RHANDY R. LIBIRAN et al.,                                               :
:
                  Defendants.      :
:
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2014

JESSE M. FURMAN, United States District Judge:

      On September 18, 2014, the Court was scheduled to hold an initial pretrial conference in this case ("the September 18 conference"). When Defendants' attorney failed to appear within an hour of the appointed time, the Court cancelled the conference. By Order dated the same day, the Court rescheduled the conference and directed Defendants' attorney "to bring his checkbook to the conference" and be prepared to explain why he should not be required to reimburse Plaintiff's counsel for the costs he incurred in attending the September 18 conference. (Docket No. 23). At the rescheduled conference, on September 23, 2014, the Court directed Defendants' counsel to reimburse Plaintiff's counsel for his time spent attending the September 18 conference, to make Plaintiff a settlement offer no later than October 3, 2014, and to file a joint letter regarding potential settlement by October 10, 2014. On October 10, 2014, Plaintiff's counsel filed a letter reporting that Defendants' counsel had refused to compensate him for his time, refused to make him a settlement offer, and also refused to sign a joint letter regarding settlement. (Docket No. 26). By endorsement dated October 14, 2014, the Court ordered Defendant's counsel to show cause in writing, no later than October 17, 2014, "why he should not be sanctioned for his failures to comply with the Court's Orders and required to reimburse

Plaintiff's counsel for his time in appearing for the aborted conference and in preparing this letter." (Docket No. 27).  As of this date, Defendant's counsel has failed to respond.

Sanctions are an appropriate response where counsel disregards a clear and unambiguous court order, *see, e.g.*, *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010), as Defendants' counsel has here on multiple occasions (namely, the failure to appear in a timely fashion at the initial pretrial conference, the failure to reimburse Plaintiff's counsel, the failure to provide a settlement offer by October 3, 2014, and the failure to cooperate in drafting a joint letter, not to mention other failures enumerated in Plaintiff's counsel's letter of October 10, 2014).  Accordingly, Defendant's Counsel is SANCTIONED for his failure to comply with the Court's orders.  No later than **October 31, 2014**, Defendants' counsel SHALL pay Plaintiff's counsel $2,000.  Defendants' counsel is further ORDERED to make a settlement offer to Plaintiff no later than **October 28, 2014**.  Further disregard of the Court's orders will result in additional sanctions, included but not limited to referral of Defendant's counsel to the appropriate bar committee or entry of default judgment against Defendants.

SO ORDERED.

Dated: October 21, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

2