USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/23/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
DUSTIN MACOLOR,                                                    :
                                                                   :
                            Plaintiff,                             :    14-CV-4555 (JMF)
                                                                   :
            -v-                                                    :    MEMORANDUM OPINION
                                                                   :          AND ORDER
RHANDY R. LIBIRAN et al.,                                          :
                                                                   :
                            Defendants.                            :
                                                                   :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    With this Order, the Court addresses a pattern of delinquent conduct by Carlos G. Garcia, counsel for all Defendants, involving a disturbing disregard for the Court's orders and lack of respect for the Court and opposing counsel. The problems began at the outset of the case when certain Defendants failed to timely respond to the initial summons. (*See* Docket No. 7; *see also* Docket Nos. 4-6 (affidavits of service on Defendants)). Plaintiff moved for a default judgment, and served the Defendants in default with his application on August 4, 2014. (Docket No. 10; *see also* Docket Nos. 13-15 (affidavits of service)). On August 27, 2014 — the morning of the default judgment hearing and a week after Defendants' opposition to the default judgment motion was due — Garcia entered a notice of appearance and filed an answer along with various counterclaims. (Docket No. 17). (Although the answer was dated August 22, 2014, Garcia provided no explanation for why he waited until the morning of the conference to file it and enter a notice of appearance. (*Id.*).) Accordingly, and notwithstanding the fact that several Defendants were technically in default, the Court canceled the default judgment hearing and scheduled an initial pretrial conference for September 18, 2014 at 3:15 p.m. (Docket No. 21).

Garcia signed and submitted a joint letter in advance of the initial pretrial conference, confirming his actual knowledge of the conference time. (Docket No. 22). Nevertheless, Garcia failed to appear at the appointed hour. (Docket No. 23). So far as the Court is aware, Garcia made no attempt to inform the Court of a delay; in fact, it was only when the Court's staff contacted Garcia's office that it learned that he would not be appearing on time. (*See* Tr. September 23, 2014 Conference 2:12-19). When Garcia failed to show up within an hour of the appointed time, the Court rescheduled the conference for September 23, 2014, and "directed [Garcia] to bring his checkbook to the [rescheduled] conference and be prepared to explain why he should not be required to reimburse Plaintiff's Counsel for the costs he incurred in attending [the aborted] conference." (Docket No. 23). Garcia did appear for the conference on September 23rd — the one and only time he has appeared in Court — and the Court directed him to compensate Plaintiff's counsel for the cost he incurred in attending the aborted conference. (Tr. September 23, 2014 Conference 3:6-12). To the extent relevant here, the Court also ordered Garcia to make Plaintiff an offer of settlement no later than October 3, 2014, and ordered the parties to file a joint letter no later than October 10, 2014, stating their position on whether the case should be referred to a magistrate judge for a settlement conference. (Docket No. 25, at 6).

On October 10, 2014, Plaintiff's counsel filed a letter with the Court stating that referral to a magistrate would not be productive as Defendants had refused both to make the required offer of settlement and "to cooperate in drafting" the letter. (Docket No. 26, at 1). Plaintiff's counsel advised the Court that Garcia had also "refused" to compensate him for the time spent attending the aborted conference. (*Id.*). Four days later, with no response from Garcia forthcoming, the Court ordered Garcia to show cause in writing "why he should not be sanctioned for his failures to comply with the Court's Orders." (Docket No. 27). Garcia did not respond to the Order. Accordingly, by Order entered on October 21, 2014, the Court sanctioned Garcia $2,000, payable to Plaintiff's Counsel, for

2

the "multiple occasions" on which he had "disregard[ed] a clear and unambiguous court order." (Docket No. 28, at 2 (citing *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010)). The Court also warned Garcia that "[f]urther disregard of the Court's orders will result in additional sanctions, includ[ing] but not limited to referral of Defendant's counsel to the appropriate bar committee or entry of default judgment against Defendants." (Docket No. 28, at 2).

Garcia presumably paid Plaintiff's counsel the $2,000 if only because Plaintiff's counsel has never indicated otherwise. In addition, Garcia arguably — but only arguably — complied with the Court's order to make a settlement offer by proposing to Plaintiff's counsel that the case be dismissed without the payment of any money. (Docket No. 29 (Parties' Joint Ltr.), at 2). With that, however, Garcia's arguable compliance came to an end. Per the Case Management Plan and Scheduling Order, the parties were scheduled to appear before the Court for a second pretrial conference on December 19, 2014. (Docket No. 25; *see also* Docket No. 29 (joint letter confirming Garcia's actual knowledge of the conference)). (The conference was originally scheduled for 1 p.m., but was changed by Order entered December 15, 2014, to 1:45 p.m. (Docket No. 30).) Once again, Garcia failed to show at the appointed hour. When the Court's staff called Garcia's office to inquire, it was told that he was on his way by train — but the train was not even scheduled to arrive at Pennsylvania Station in Manhattan until *2:30 p.m.* As the Court was unable to hold the conference at that hour (and did not want to make Plaintiff's counsel wait further), it cancelled the conference, and — once again — ordered Garcia to show cause in writing "why he should not be sanctioned again and/or referred to this Court's Grievance Committee for his willful failure to appear in a timely fashion" at the conference. (Docket No. 31). Remarkably, Garcia failed — once again — to respond.

Given the foregoing circumstances, the Court is compelled to sanction Garcia again. Rule 16(f) of the Federal Rules of Civil Procedure authorizes sanctions for conduct including,

3

but not limited to, the "fail[ure] to appear at a scheduling or other pretrial conference" and the "fail[ure] to obey a scheduling or other pretrial order."  In addition, the Court has inherent authority to impose sanctions for "disobedience [of] the orders of the [Court]," both within the "court and . . . beyond the court's confines."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Notably, unlike sanctions imposed pursuant to Rule 37 of the Federal Rules of Civil Procedure, sanctions under either Rule 16 or the Court's inherent authority may be imposed *sua sponte.  See* Fed. R. Civ. Pro. 16(f)(1) (providing that the Court may issue sanctions "[o]n motion or on its own"); *Chambers*, 501 U.S. at 43.[1]  Whether to impose such sanctions is left to the Court's sound discretion.  *See, e.g.*, *Ashlodge, Ltd. v. Hauser*, 163 F.3d 681, 683 (2d Cir. 1998), *abrogated on other grounds by Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 210 (1999).

Here, in less than six months, Garcia has failed to timely appear at two conferences, refused or neglected to perform at least five actions required by the Court, and missed multiple deadlines.  His conduct has prevented the efficient prosecution of the case nearly every step of the way and has caused the Court and Plaintiff's counsel to waste considerable resources. Moreover, he has continued his disrespectful conduct notwithstanding the fact that he was already sanctioned once by the Court.  Sanctions — and more significant sanctions than those previously imposed — are thus plainly appropriate.  Accordingly, Garcia is ORDERED, no later than **February 6, 2015**, to pay a total of $4,000 in sanctions — $3,000 to the Clerk of the Court and $1,000 to Plaintiff's counsel to compensate him for the time and resources spent preparing for and attending the aborted December 19th conference as well as his subsequent

---

[1]   On January 20, 2015, Plaintiff filed a motion for sanctions pursuant to Rule 37 based on Defendants' alleged failure to satisfy their discovery obligations. (Docket No. 33).  The Court intimates no view on the merits of that motion at this time; put differently, this Memorandum Opinion and Order is not based on Defendants' conduct during discovery.

4

communications with the Court.  *See, e.g.*, *Uretsky v. Acme Am. Repairs*, No. CV-07-4688 (DLI) (SMG), 2011 WL 1131326, at *1 (E.D.N.Y. Mar. 28, 2011) ("Attorney's fees awarded [pursuant to Rule 16] must be related to the expenses incurred as a result of the sanctioned misconduct."); *see also, e.g.*, *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 371 (E.D.N.Y. 2013) ("A court may . . . award attorney's fees when sanctioning a party under Fed. R. Civ. P. 16(f), though only for reasonable expenses incurred because of noncompliance with this rule.").  Additionally, the Court will send a copy of this Memorandum Opinion and Order to the Chair of the Court's Grievance Committee to take whatever action the Committee deems appropriate.

The Court finds that the foregoing sanctions are sufficient "to secure Garcia's compliance with the Court's orders and deadlines.  *See, e.g.*, *Uretsky,* 2011 WL 1131326, at *1 (stating that sanctions pursuant to Rule 16 "should be no more severe than is necessary to deter the party against whom it is imposed."); *Weiss v. Weiss*, 984 F. Supp. 682, 686 (S.D.N.Y. 1997) (stating that "sanctions should not be more severe than reasonably necessary to deter repetition of the conduct by the offending person" (internal quotation marks omitted)).  Should Garcia continue to disregard orders of the Court, he will be subject to even stiffer sanctions, up to an including entry of judgment for Plaintiff.

SO ORDERED.

Date: January 23, 2015  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge

5