UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/11/2015
```

DUSTIN MACOLOR,                              :
                                             :
                            Plaintiff,       :          14-CV-4555 (JMF)
                                             :
                   -v-                       :        ORDER TO SHOW CAUSE
                                             :
RHANDY R. LIBIRAN et al.,                    :
                                             :
                            Defendants.      :
                                             :
-----------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        This Order addresses the latest in a string of troubling incidents involving Carlos G.

Garcia, counsel for all Defendants.  On January, 23, 2015, the Court sanctioned Mr. Garcia in the

amount of $4,000 for conduct that had "prevented the efficient prosecution of the case at nearly

every step of the way and ha[d] caused the Court and Plaintiff's counsel to waste considerable

resources."  (Docket No. 36, at 4).  This was the second sanction that the Court imposed on Mr.

Garcia for essentially the same conduct.  (Docket No. 36, at 4; *see* Docket No. 28).

        Mr. Garcia has not complied with the Court's Order.  Instead, on February 6, 2015 — the

day by which Mr. Garcia was ordered to pay the $4,000 sanction — Mr. Garcia filed a letter

motion, requesting that the Court reconsider the sanction, stay the sanction in the meantime, and

schedule a conference at which he would presumably dispute the basis for the sanction.  (Docket

No. 39).  In his letter, Mr. Garcia also sought to explain his previous conduct as the result of

emergencies, innocent misunderstandings, and circumstances outside his control.  (*Id.*).  The

following day, Plaintiff's counsel filed a letter opposing Mr. Garcia's requests and identifying

numerous factual inaccuracies in Mr. Garcia's letter.  (Docket No. 40).

        Mr. Garcia's motion for reconsideration, a stay, and a conference is DENIED.  Put

simply, Mr. Garcia presents no basis to reconsider, let alone stay, the Court's prior Order.  *See, e.g.*, *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (noting that reconsideration "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003))); *cf. In re A2P SMS Antitrust Litig.*, No. 12-CV-2656 (AJN) , 2014 WL 4247744, at *2 (S.D.N.Y. Aug. 27, 2014) (reciting the standard for granting a stay pending appeal, including the requirement that Plaintiff identify "serious questions" about the merits of the Court's holding).  In fact, Mr. Garcia's motion only increases the Court's concerns about Mr. Garcia's conduct.  Specifically, in light of Plaintiff's counsel's letter and the exhibits thereto (among other things), the Court has grave concerns about the veracity of Mr. Garcia's representations the Court.

Accordingly, and to clarify the record, no later than **February 18, 2015**, Mr. Garcia shall file with the Court an affidavit or declaration, **sworn under penalty of perjury**, describing in detail his reasons for missing the prior court conferences and deadlines (that is, reiterating and elaborating on the explanations set forth in his February 6th letter).  Further, Mr. Garcia shall attach to his affidavit evidence supporting his representations, including but not limited to receipts and tickets documenting his purported travel to the Philippines at the time of the September 2014 conference, cell phone records reflecting the calls he made to the Court in December 2014, and any other information necessary to substantiate statements made in his affidavit.  By the **same date**, Mr. Garcia shall show cause in writing why he should not be further sanctioned (1) in the event that the Court finds that he made false representations (whether under oath or otherwise) to the Court; and/or (2) for failing to obey the Court's Order

of January 23, 2015 to pay the sanctions on or before February 6th.  In that regard, the Court notes that, under well-established law, neither a motion for reconsideration nor a motion for a stay has the effect of staying a court order.  *See, e.g.*, *Tekkno Labs., Inc. v. Perales*, 933 F.2d 1093, 1099 (2d Cir. 1991) (holding that a letter requesting a stay or reconsideration does not automatically stay the Court's prior order); *New Pac. Overseas Grp. (USA) Inc. v. Excal Int'l Dev. Corp.*, No. 99 CIV. 2436 DLC, 2000 WL 377513, at *7 (S.D.N.Y. Apr. 12, 2000) ("A court's order remains in force until it is vacated or stayed, and a party disregards such an order at its peril.").

All other dates and deadlines remain in effect.  The Clerk of Court is directed to terminate Docket No. 39.

SO ORDERED.

Dated: February 11, 2015
       New York, New York

_____
JESSE M. FURMAN
United States District Judge