UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/19/2015
```

-----------------------------------------------------------------------X
                :
DUSTIN MACOLOR,                :
                :
             Plaintiff,     :
                :
          -v-             :
                :
RHANDY R. LIBIRAN, et al.,     :
                :
            Defendants.   :
                :
-----------------------------------------------------------------------X

14-CV-4555 (JMF)

MEMORANDUM OPINION
AND ORDER

**JESSE M. FURMAN**, United States District Judge:

       Plaintiff Dustin Macolor brings suit against Defendants Rhandy R. Libiran, Michael

Urbino, American Manpower Resource Provider, Inc., Axis Point Alternative Solutions, Inc.,

and American Healthcare Facility Management Group, Inc.  Plaintiff alleges that Defendants

induced him to move from the Philippines to the United States with a contract to work full-time

as a massage therapist and that Defendants thereafter breached that contract and committed other

misconduct.  (Compl. (Docket No. 1) ¶¶ 2, 9).  The contract required Plaintiff to work 6,240

hours as a massage therapist for Defendants, for which he was to be paid $31.15 per hour.  (*Id.*

¶ 32).  Plaintiff alleges that Defendants failed to provide him with full-time employment and also

failed to pay him adequately for the hours that he did work.  (*Id.*  ¶ 2).  Plaintiff eventually

sought work with other employers and subsequently brought this lawsuit.  (*Id.* ¶¶ 48-49).

Defendants have counterclaimed, asserting that Plaintiff himself breached the contract by

working for other employers and that Defendants are entitled to, among other things, liquated

damages in the amount of $20,000.  (Counterclaim (Docket No. 17) ¶¶ 158, 160).

Now pending before the Court is Plaintiff's motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.  For the reasons that follow, Plaintiff's motion is GRANTED in part and DENIED in part.

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure authorizes a district court to impose sanctions for discovery violations.  The possible sanctions include (1) directing that certain facts be taken as established for purposes of the lawsuit and (2) prohibiting a party from supporting or opposing certain claims or defenses or from introducing certain witnesses or evidence.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii).  Whether to impose a sanction pursuant to Rule 37 is left to the discretion of the Court.  *See, e.g.*, *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010).  In evaluating whether a district court abused its discretion in imposing Rule 37 sanctions, the Second Circuit considers "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'"  *Id.* at 144 (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).  Those factors, however, are not exclusive, and the ultimate inquiry is whether the district court's remedy is "just."  *Id.* (internal quotation marks omitted); *see Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) ("[A] court may impose sanctions 'as are just' on a party for disobedience of a discovery order." (quoting Fed. R. Civ. P. 37(b)(2)).

In this case, Macolor seeks three kinds of Rule 37 sanctions.  First, he asks the Court to preclude Defendants from introducing the testimony of any witnesses for whom Defendants did not provide adequate contact information during discovery.  (Pl.'s Mem. Law Supp. Mot. Discovery Sanctions Pursuant Fed. R. Civ. P. 37 (Docket No. 35) ("Pl.'s Mem.") 5-7).  Second,

he asks the Court to preclude Defendants from introducing any evidence of costs, expenses, or lost profits in connection with Plaintiff's employment by Defendants and for an instruction that Defendants did not in fact incur any costs or expenses or suffer any lost profits.  (*Id.* at 7-8).  Finally, he seeks to recover from Defendants his costs and attorney's fees incurred in attempting to secure the evidence to which he was entitled and in preparing the motion currently before the Court.  (*Id.* at 8-9).  The Court will address the three requests in turn.

**A. Preclusion of Witnesses**

First, as noted, Plaintiff seeks to preclude Defendants from introducing the testimony of any witnesses for whom Defendants did not provide adequate contact information during discovery.  Rule 26(a)(1)(A)(i) requires a party to disclose during discovery "the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses," unless that individual would be used solely for the purposes of impeachment.  Rule 26(e)(1)(A), in turn, requires a party to supplement those disclosures in a timely manner should it discover that they were incorrect or incomplete.  Where a party fails to provide the relevant information for any potential witness, the Court may preclude that party from relying on that witness at trial, unless the failure was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1); *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

In this case, there is no dispute that Defendants provided adequate Rule 26 information for only two witnesses: Defendants Libiran and Urbino.  (Pl.'s Mem. 6; Defs.' Mem. Law. Opp'n Pl.'s Mot. Discovery Sanctions (Docket No. 38) ("Defs.' Mem.") 4-5; Pl.'s Reply Mem. Law Supp. Mot. Discovery Sanctions Pursuant Fed. R. Civ. P. 37 (Docket No. 41) ("Pl.'s Reply Mem." 2-3).  Defendants do not identify any other witnesses that they would call at trial, and

make no attempt to explain why they should be permitted to introduce the testimony of witnesses who were not included in their Rule 26 disclosures. In fact, with respect to two specific potential witnesses — their former employees Liza Fagarita and Joao Miranda — Defendants concede that their failure to provide the relevant information precludes them from calling those witnesses. (Defs.' Mem. 4-5; *see also id.* at 4 (stating that Defendants "will not call [Fagarita and Miranda] as witnesses")). It follows that precluding Defendants from relying on the testimony of any witness other than Libiran or Urbino is plainly "just" and proper. Accordingly, Plaintiff's motion is granted to the extent he seeks such an order.

Instead of contesting Plaintiff's preclusion argument, Defendants ask the Court to reopen discovery for thirty days so that they may supplement their list of witnesses, conduct additional discovery, and file a motion for summary judgment. (Defs.' Mem. 10). Defendants' request is, to put it mildly, preposterous. Discovery in this case was scheduled to close on December 19, 2014. (*See* Docket No. 25, at 4). That same day, the Court was scheduled to hold a pretrial conference to address the next phase of the case. (Docket No. 31). In a letter filed with the Court before the conference, the parties indicated that they had adjourned certain depositions pending settlement discussions — without, it should be noted, seeking leave of Court to extend the deadline or stay discovery. (Docket No. 29). The Court planned to address these issues at the December 19th conference, but Defendants' counsel failed to timely appear (his second such failure, *see Macolor v. Libiran*, No. 14-CV-4555 (JMF), 2015 WL 337561, at *2 (S.D.N.Y. Jan. 23, 2015)), forcing the Court to cancel the conference. (*See* Docket No. 31). Following the aborted conference, the Court issued an Order stating that discovery was closed and requiring Defendants' counsel to show cause in writing why he should not be sanctioned for his failure to timely appear at the conference. (*Id.*). In the same Order, the Court noted that any motions for

summary judgment were due within thirty days.  (*Id.*).  Defendants' counsel never responded to the Order, and he was subsequently sanctioned pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Court's inherent authority.  *Macolor*, 2015 WL 337561, at *2.[1]

Now, nearly three months after the close of discovery and a month after being sanctioned for failing to timely appear at the conference that would have addressed any lingering discovery issues, Defendants request that the Court reconsider its December 19, 2014 Order closing discovery.  A motion for reconsideration, however, is appropriate only "where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)).  Defendants point to no such decision or data, and do not even attempt to justify the extended delay between the close of discovery and their request for reconsideration.  (Defs.' Mem. 10).  *See also* Local Civil R. 6.3 (stating that motions for reconsideration are ordinarily due within fourteen days of the Order to be reconsidered).  Moreover, even if those deficiencies could be overlooked, Defendants do not even come close to showing good cause to modify the schedule, as required by Rule 16(b) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, No. 07-CV-8171 (CM) (JCF), 2008 WL 4580024, at *2 (S.D.N.Y. Oct. 14, 2008) (noting that good cause, as required by Rule 16(b), demands an "objectively sufficient reason for extending a deadline such that the deadlines cannot reasonably be met despite the diligence of the party needing the extension" and that "the mistake or inadvertence of counsel

---

[1]      Since that time, defense counsel has been subject to additional sanctions.  (*See* Docket Nos. 48, at 8-9 (sanctioning Garcia an additional $6,000 after finding that he knowingly made false statements intended to mislead the Court)).

will not support a finding of good cause" (internal quotation marks omitted)).  In short, there is

no reason to reconsider the Court's prior Order.  Nor is there any reason to allow Defendants to

file a motion for summary judgment out of time.  Accordingly, Defendants' requests to reopen

discovery and for leave to file a summary judgment motion out of time are denied.

**B.  Preclusion of Evidence Related to Defendants' Costs, Expenses, or Lost Profits**

Next, the Court turns to Plaintiff's request to preclude Defendants from offering evidence

of costs, expenses, or lost profits and for an instruction that Defendants did not incur any costs

and expenses or suffer any lost profits in connection with Plaintiff's employment by Defendants.

Pursuant to Rule 26(a)(1)(A)(ii), a party must disclose during discovery "a copy — or a

description by category and location — of all documents, electronically stored information, and

tangible things that the disclosing party has in its possession, custody, or control and may use to

support its claims or defenses," unless those documents and materials will be used solely for

impeachment.  *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*,

280 F.R.D. 147, 155 (S.D.N.Y. 2012).  As with a failure to disclose relevant information

concerning a witness, if a party fails to produce documents and materials called for by the Rule,

the Court may impose sanctions, unless the failure was substantially justified or harmless.  *See*

Fed. R. Civ. P. 37(c)(1); *Patterson*, 440 F.3d at 117.

Here, as noted, Defendants' counterclaims include a request for liquidated damages of

$20,000, which they argue is reasonable in light of the costs and expenses they incurred pursuant

to the contract and the lost profits they suffered as a result of Plaintiff's breach of the contract.

(Counterclaim ¶¶ 157-58, 160-61; *see* Defs.' Mem. 6-7).  In support of their claim, Defendants

point to checks supposedly written to cover expenses that they incurred on Plaintiff's behalf.  (*Id.*

at 7, Ex. 5 at 000018-26).  With respect to the lost profits, Defendants maintain that they would

have made twenty-four dollars for each of the 6,240 hours that Plaintiff contracted to work for them, resulting in lost profits of nearly $150,000.  (*See id.* at 6, Ex. 7 ("Defs.' Rule 26(a)(1) Disclosures") 2).  Plaintiff argues that this evidence is legally insufficient to make out a claim on which relief may be granted.  (Pl.'s Reply Mem. 5-6).  In particular, he contends that Defendants must make a far more rigorous showing in order to demonstrate lost profits sufficient to recover liquidated damages.  (*Id.*).

Defendants have the better of the argument at this stage.  In support of his argument for preclusion, Plaintiff relies on *Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006), in which the Second Circuit affirmed the district court's preclusion of evidence of lost profits on the basis that the plaintiff did not state that it was seeking lost profits in its initial disclosures made pursuant to Rule 26(a)(1)(C) or in its response to the defendants' interrogatories.  *See id.* at 295-96; *see also Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630, 633 (S.D.N.Y. 2005).  The plaintiff's inadequate disclosures, the Court explained, had left defendants "without notice that . . . claims [for lost profits] would be an issue until they were provided, shortly before the commencement of trial, with the names of two witnesses who would testify as to lost profits." 469 F.3d at 295.  There was no such surprise in this case.  Defendants' counterclaim put Plaintiff on notice that they were seeking lost profits of at least $125,000.  (Counterclaim ¶ 158).  Thereafter, Defendants disclosed both the contract at issue and their method of calculating lost profits — namely, their anticipated profit per hour worked by Plaintiff and the contract's requirement that Plaintiff work 6,240 hours.  (Defs. Mem. 6; *see* Defs.' Rule 26(a)(1) Disclosures 2).  Accordingly, there is no basis to conclude that Plaintiff was not adequately on notice of Defendants' lost profits theory, as was the case in *Design Strategy*.

At bottom, the essence of Plaintiff's argument is that Defendants cannot point to evidence sufficient to demonstrate lost profits.  (*See, e.g.*, Pl.'s Reply Mem. 5-6 (arguing that Defendants' lost profits argument is entirely speculative and citing cases stating the elements of a claim for lost profits)).  But the question of whether Defendants can point to evidence adequate to sustain their claim is a merits question and, given Plaintiff's decision not to file a motion for summary judgment, it must be resolved at trial, not pursuant to a Rule 37 motion.  *Cf. Int'l Bus. Machines Corp. v. BGC Partners, Inc.*, No. 10-CV-128 (PAC), 2013 WL 1775437, at *14 (S.D.N.Y. Apr. 25, 2013) (precluding a party from introducing evidence under Rule 37 where that party could not demonstrate to the Court that it had turned over "*any* testimonial or documentary evidence" relevant to its claim (emphasis added)).  At trial, Defendants will not be able to rely on any evidence that they failed to produce during discovery.  *See, e.g.*, *Design Strategy*, 469 F.3d at 297.  And if the sum of the evidence turned over by Defendants is legally insufficient to support Defendants' counterclaim for liquidated damages, Plaintiff is free to seek appropriate relief.  But at this stage, there is no basis to preclude Defendants from offering evidence of their costs, expenses, and lost profits, let alone to instruct the jury to find in favor of Plaintiff on those issues.

## C.  Attorney's Fees and Costs

Finally, Plaintiff seeks an order requiring Defendants to pay attorney's fees and costs associated with Defendants' discovery misconduct and with bringing this motion.  Rule 37 provides that where a motion for sanctions is granted in part and denied in part "the court . . . *may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added); *see also U.S. Dep't of Justice, Tax Div. v. Hudson*, 626 F.3d 36, 38 (2d Cir. 2010) (stating that the Second Circuit "generally review[s] a district

court's award of attorney's fees for an abuse of discretion"); *Schanfield v. Sojitz Corp. of Am.*, 258 F.R.D. 211, 217 (S.D.N.Y. 2009) (observing that the Court had discretion whether to award fees after granting in part and denying in part a Rule 37 motion).  The Court declines to do so here.  Plaintiff prevailed on only one of the two substantive claims in his motion — more or less on Defendants' consent.  And separate and apart from Defendants' lack of real opposition to Plaintiff's argument on witness preclusion, the issue was not complicated and should not have required significant time or legal research; in fact, the cost of giving both sides an opportunity to be heard on the fees and costs to award as a sanction would likely exceed the reasonable fees and costs involved in the first place.  Accordingly, Plaintiff's motion is denied to the extent that he seeks fees and costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for sanctions pursuant to Rule 37 is GRANTED in part and DENIED in part, and Defendants' requests to reopen discovery and for leave to file a motion for summary judgment out of time are DENIED.

Pursuant to the Court's prior Order (Docket No. 37), no later than **April 20, 2015**, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3).  The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.  If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the same date in accordance with the Court's Individual Rules and Practices.  Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Rule

51(a)(2)(A) of the Federal Rules of Civil Procedure.  If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.

Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed.

Finally, if the parties are interested in a settlement conference before the assigned Magistrate Judge, they shall so advise the Court by joint letter as soon as possible.

It is further ORDERED that no later than **March 24, 2015**, Garcia shall serve *each* Defendant (individual and corporate) with a copy of this Memorandum Opinion and Order and file proof of service on the docket via ECF.

The Clerk of Court is directed to terminate Docket No. 33.

SO ORDERED.

Date:   March 19, 2015
        New York, New York

_____
JESSE M. FURMAN
United States District Judge