```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :
DUSTIN MACOLOR,                                               :
                                                              :
                              Plaintiff,                      :    14-CV-4555 (JMF)
                                                              :
              -v-                                             :    ORDER
                                                              :
RHANDY R. LIBIRAN, et al.,                                    :
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/16/2015

JESSE M. FURMAN, United States District Judge:

     As stated on the record earlier today, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Court hereby enters a default on consent against Defendants Rhandy R. Libiran, American Manpower Resource Provider Inc., Axis Point Alternative Solutions, Inc., and American Healthcare Facility Management Group, Inc. (collectively, "Defendants") based on Mr. Libiran's willful failure to appear at trial and affirmative representation, through counsel (and his actions), that he and the corporate Defendants do not intend to defend against Plaintiff's claims, even after being warned that such failure might result in entry of a default judgment. *See, e.g.*, *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011) (holding that the district court properly entered a default under Rule 55(a) against a defendant that "affirmatively signaled" through counsel "its intention to cease participating in its own defense, even after the defendant was clearly warned that a default would result" and "clearly indicated that [it was] aware that [its] conduct likely would result in a default"). For similar reasons, and with the consent of defense counsel, the Court also dismisses, pursuant to Rule 41 of the Federal Rules of Civil Procedure, Defendants' counterclaims for failure to prosecute. *See, e.g.*, *Noli v. Comm'r*, 860 F.2d 1521, 1527 (9th Cir. 1988) (noting that "dismissal for failure properly to prosecute will normally arise where a party fails to appear at trial").

     By separate Order to be entered today, the Court refers the matter to Magistrate Judge Ellis to hold an inquest for purposes of ultimately fixing damages and entry of a final judgment against Defendants. (As discussed on the record earlier today, Plaintiff reached a settlement with Defendant Michael Urbino. Accordingly, the inquest and further proceedings do not relate to Plaintiff's claims against Urbino.) Plaintiff's counsel shall promptly contact the Chambers of Magistrate Judge Ellis to schedule further proceedings as needed.

     As discussed on the record at the conference held earlier today and at the Final Pretrial Conference held on September 10, 2015, Plaintiff's fourth claim (under the Fair Debt Collection Practices Act), eighth claim (for unjust enrichment), and ninth claim (for quantum meruit) are deemed withdrawn.

Finally, as discussed on the record earlier today, Defendants have until September 23, 2015, to show cause in writing why they should not be assessed the costs (including mileage, parking, and toll costs) of one day's attendance of the jurors called for trial.  *Cf.* S.D.N.Y. Local Rule 47.1 ("The Court may, in its discretion, assess the parties or counsel with the cost of one day's attendance of the jurors if a case is settled after the jury has been summoned or during trial, the amount to be paid to the Clerk of the Court.").

SO ORDERED.

Dated: September 16, 2015
       New York, New York

_____
JESSE M. FURMAN
United States District Judge