```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/16/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DUSTIN MARK MACOLOR,

                Plaintiff,

        -vs-

RHANDY R. LIBIRAN, AMERICAN MANPOWER
RESOURCE PROVIDER INC., MICHAEL URBINO,
AXIS POINT ALTERNATIVE SOLUTIONS, INC.,
and AMERICAN HEALTHCARE FACILITY
MANAGEMENT GROUP, INC.,

                Defendants.
------------------------------------------------------------------X

14 Civ. 4555 (JMF)

STIPULATION OF SETTLEMENT

        IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Dustin Mark Macolor ("Macolor") and Defendant Michael Urbino ("Urbino"), as follows:

        1.     Plaintiff Macolor and Defendant Urbino, in consideration of the mutual promises, terms, covenants and conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby agree to settle all claims alleged against Defendant Urbino in this action upon the following terms and conditions.

        2.     Within five (5) business days of the date this stipulation is approved by the U.S. District Court for the Southern District of New York (the "Court"), Defendant Urbino shall cause to be deposited in the escrow account of John Howley, Esq., attorney for Plaintiff, the amount of five thousand dollars ($5,000) for the benefit of Plaintiff (the "Settlement Amount"). The Settlement Amount shall be deposited by Defendant Urbino without any withholding for taxes, penalties, interest, or any other reason.

        3.     Within five (5) business days of the date this stipulation is approved by the Court, Defendant Urbino shall file in *In re Michael A. Urbino*, Case No. 15-19699 (VFP) (Bankr.

D.N.J.), a motion or notice of presentment seeking approval of this Agreement and the payment of the Settlement Amount to Plaintiff. The motion or notice of presentment shall be made with the shortest return or presentment date permitted by the applicable Bankruptcy Court rules. Any and all attorneys' fees and costs related to that motion or notice of presentment shall be paid by Defendant Urbino.

4. Defendant Urbino acknowledges and agrees that for purposes of compliance with his obligations under paragraphs 2 and 3 of this Agreement time is of the essence, and that failure to comply timely with his obligations under paragraphs 2 and 3 of this Agreement constitutes a material breach of the Agreement.

5. The Effective Date of this Agreement shall be the date it is approved by the Bankruptcy Court.

6. Upon approval of this Agreement by the Bankruptcy Court, Plaintiff's attorney is authorized to pay over the Settlement Amount to the Plaintiff.

7. Upon approval of this Agreement by the Bankruptcy Court, the attorneys for Plaintiff Macolor and Defendant Urbino shall file a stipulation of discontinuance with prejudice of all claims against Defendant Urbino in this action. and in the Bankruptcy Action.

8. In the event the Bankruptcy Court does not approve the Agreement and/or payment of the Settlement Amount to Plaintiff, this Agreement shall be deemed null and void *ab initio*. In that event, Defendant Urbino's attorney shall provide written proof of disapproval to Plaintiff's attorney, and Plaintiff's attorney shall return the $5,000 deposit to Defendant Urbino's attorney within five (5) business days after receiving such written proof.

9. In consideration of the stipulation dismissing all claims in this action against him, and other good and valuable consideration, the receipt and sufficiency of which are hereby

2

acknowledged, Defendant Urbino (the "Releasor") hereby releases and discharges Plaintiff Macolor and his successors, assigns, and attorneys (the "Releasees") from any and all legal, equitable or other claims, counterclaims, demands, setoffs, defenses, contracts, accounts, suits, debts, dues, profits, agreements, actions, causes of action, sums of money, reckonings, bonds, bills, specialties, covenants, promises, variances, trespasses, damages, extents, executions, judgments, findings, controversies and disputes whatsoever the Releasor ever has, had, or hereafter may have against the Releasees for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world through the Effective Date of this Agreement, whether known or unknown, fixed or contingent, disclosed or concealed, asserted or unasserted, anticipated or unanticipated, accrued or unaccrued, matured or not matured, and whether or not discoverable; provided, however, that this general release shall not release or affect the right of either party to enforce this Agreement.

10. Defendant Urbino agrees that he shall not make or cause to be made any oral, written, or other statement or communication which can reasonably be regarded as being disparaging or reflecting negatively on Plaintiff Macolor or his attorney.

11. This Agreement does not resolve, is not intended to resolve, and nothing in this Agreement shall be construed to resolve any claims against Defendants Rhandy Libiran, American Manpower Resources Provider Inc., Axis Point Alternative Solutions, Inc., or American Healthcare Facility Management Group, Inc.

12. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to or application of its principles of conflicts of laws.

13. This Agreement may be amended or modified only by an instrument in writing signed by all of the parties to the Agreement.

14. None of the parties to this Agreement has relied on any representation, warranty, promise, statement or agreement not expressly made and contained in this Agreement. This Agreement constitutes the full and entire understanding and agreement of the parties with respect to the subject matter hereof and supersedes any and all other or prior understandings or agreements relating to the subject matter hereof, whether verbal or written.

Dated: New York, New York
      September 15, 2015

_____  
DUSTIN MARK MACOLOR

_____  
MICHAEL URBINO

Dated: New York, New York
      September 16, 2015

SO ORDERED,

_____  
HON. JESSE M. FURMAN  
U.S. DISTRICT JUDGE