```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
DUSTIN MACOLOR,                                     :
                                                    :
                         Plaintiff,                 :      14-CV-4555 (JMF)
                                                    :
        -v-                                         :      ORDER
                                                    :
RHANDY R. LIBIRAN, et al.,                          :
                                                    :
                         Defendants.                :
                                                    :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/07/2015

JESSE M. FURMAN, United States District Judge:

On September 16, 2015, default judgement was entered against Defendant Rhandy R. Libiran and corporate Defendants American Manpower Resource Provider Inc., Axis Point Alternative Solutions, Inc., and American Healthcare Facility Management Group, Inc. (collectively, the "defaulting Defendants") due to Libiran's willful failure to appear at trial and his affirmative representation, through counsel, that he did not intend to defend against Plaintiff's claims.  (Docket No. 74).  The Court was not made aware of the defaulting Defendants' intentions not to appear until approximately 6:00 p.m. on September 15, 2015 — the evening before trial was scheduled to begin.  (*See* Docket No. 73).  For that reason, the Court ordered the defaulting Defendants to show cause in writing by September 23, 2015, why they should not be assessed juror costs for one day's attendance of the jurors called for trial.  (Docket No. 74).  *Cf.* S.D.N.Y. Local Civ. R. 47.1 ("The Court may, in its discretion, assess the parties or counsel with the cost of one day's attendance of the jurors if a case is settled after the jury has been summoned or during trial, the amount to be paid to the Clerk of the Court.").

Counsel for the defaulting Defendants submitted an affidavit on September 24, 2015, one day after the deadline to show cause, asking the Court not to impose juror costs.  (Docket No.

79).  The defaulting Defendants' arguments are thoroughly unconvincing.  First, they claim that imposing juror costs would amount to a "further sanction," which would be unjust because Defendants "have already defaulted in this case" and "have been punished and suffered more than enough" for the conduct for which Plaintiff sued them.  (*Id.* ¶¶ 7-8).  Not so.  Imposition of juror costs has nothing to do with the claims upon which default judgment was entered.  It springs from the defaulting Defendants' failure to inform the Court of their intention not to appear at trial in time for the Court to avoid calling jurors.  There is nothing duplicative or unjust about imposing such a sanction.  Second, the defaulting Defendants suggest that they effectively saved the Court and the jurors both time and money by obviating the need for a trial.  (*Id.* ¶¶ 9-12).  Again, the defaulting Defendants' argument misses the point: Had the defaulting Defendants informed the Court of their intentions earlier, the Court would not have needed to call the prospective jurors at all.  Put simply, the defaulting Defendants wasted the time and money of the Court and the prospective jurors who were summoned for the first day of a trial; it is those costs that the defaulting Defendants, not the taxpayers, should bear.

   Accordingly, it is hereby **ORDERED** that juror costs — including mileage, parking, and toll costs — shall be assessed in this action pursuant to Local Civil Rule 47.1 and the Court's inherent authority.  Although, strictly speaking, Local Civil Rule 47.1 applies only to cases where "a case is settled after the jury has been summoned," the Court concludes that its authority under that provision, combined with its inherent authority, extends to the imposition of costs in these circumstances — which are plainly more flagrant, and deserving of sanction, than an eleventh hour settlement.  And in any event, the defaulting Defendants do not contest that the Court has authority to assess them with juror costs. (Docket No. 79).

The Court has been informed by the jury clerk that juror costs in this action total $1,478.00.  Accordingly, and for the reasons stated above, no later than **October 30, 2015**, the defaulting Defendants shall pay the Clerk of the Court $1,478.00.

SO ORDERED.

Dated: October 7, 2015
       New York, New York

_____
JESSE M. FURMAN
United States District Judge