```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                           :
    DUSTIN MACOLOR,                                        :
                                                           :
                            Plaintiff,                     :      14-CV-4555 (JMF)
                                                           :
                    -v-                                    :      ORDER ADOPTING
                                                           :      REPORT AND
    RHANDY R. LIBIRAN, et al.,                             :      RECOMMENDATION
                                                           :
                            Defendants.                    :
                                                           :
------------------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/13/2016

JESSE M. FURMAN, District Judge:

On September 16, 2016, the Court entered default on consent against Defendants Rhandy R. Libiran, American Manpower Resource Provider Inc., Axis Point Alternative Solutions, Inc., and American healthcare Facility Management Group, Inc. (collectively, "Defendants"). On the same day, the Court referred this matter to Magistrate Judge Ellis to hold an inquest for purposes of fixing damages and entry of a final judgment against Defendants. In a Report and Recommendation filed on March 25, 2016, Magistrate Judge Ellis recommended that judgement be entered for Plaintiff in the amount of $15,088.95 in damages, $58,251.96 in attorneys' fees and costs, and $2,756.75 in prejudgment interest, totaling $76,097.66.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that

there is no clear error on the face of the record.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made.  Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).  Despite that waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law.  Accordingly, the Report and Recommendation is adopted in its entirety.

The Clerk of Court is directed to enter judgment consistent with the Report and Recommendation and to close this case.

SO ORDERED.

Dated: April 13, 2016
      New York, New York

JESSE M. FURMAN
United States District Judge